This being all the evidence produced by the plaintiff, Mr. Moore, on the part of the defendant, moved that the plaintiff might be nonsuited for want of letters testamentary to prove the plaintiff's executorship (166) and qualification.
If an executor declare as executor, then in the declaration, at the end thereof, he makes a profert of his letters testamentary to the court, then in contemplation of law they are in court during all that term, according to Wymack's case, in Coke's Reports; and during that term, the defendant may demand oyer of them, and, on their being produced, may either deny them by plea, or by plea show that they are invalid, as not being granted by the proper jurisdiction, or for other defects; or, if the declaration does not set forth a proper jurisdiction for granting them, and they appear to be granted by the improper jurisdiction, he may demur; but if oyer is not then *Page 115 
craved, and advantage taken for want of the production, or for any defect in them, but the party defendant pleads in chief, or any plea posterior in point of order to these, that question the plaintiff's right to sue, then the letters are admitted, and the plaintiff at the end of the term may take them out of court, and need not produce them any more.
But where the executor declares upon his own possession, and not as executor, then he does not make a profert of the letters testamentary in his declaration, and the defendant cannot crave oyer and take advantage of them, or for the not producing them before he pleads, as in the other cases; and, therefore, in this latter case, the plaintiff must show his right to recover on the trial, and this he cannot do but by showing the property to be in him as executor; proof of which must be made by showing the letters, and then the defendant may contest them, not having before admitted them by pleading. Butler, 48, 246, 108; 2 Nels. Ab., 626; Hib., 38, 218; Salk., 37, 38.
Mr. Williams, for the plaintiff, then offered a copy of the testator's will, attested by the clerk of the proper county, and his clerkship regularly certified by the presiding justice, under the title of Chief Justice of that Court; and at the end of this copy it was also certified that the plaintiff had given bond according to law, and taken the oath, and had a certificate for obtaining the probate in due form, but she had not any letters testamentary to produce; and he insisted he had sufficiently proven the executorship of the plaintiff, the copy of the will showing she was appointed executrix, and the clerk's certificate showing she had taken upon herself the execution thereof; and that it was not the practice either in Virginia or in this State actually to take out letters testamentary; and even in England, where they are taken out, the executorship may be proven by a copy of the will and probate. Buller, 247, or the probate in the register's book. (167) Buller, 245, 246.